<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MICHAEL MAYMAN,<br><br>            Plaintiff,<br><br>         v.<br><br>BANK OF AMERICA, N.A.,<br><br>           Defendant. | Case No. 2:25-cv-02739 (BRM) (JRA)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is Defendant Bank of America, N.A.'s ("Bank of America") Motion to Dismiss (ECF No. 19) *pro se* Plaintiff Michael Mayman's ("Plaintiff") Amended Complaint (ECF No. 9) pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) (the "Motion"). Plaintiff filed an Opposition. (ECF No. 20.) Bank of America filed a Reply (ECF No. 22), and Plaintiff filed a Sur-Reply[1] (ECF No. 25). Having reviewed and considered the parties' submissions filed in connection with the Motion and having declined to hold oral argument pursuant to Rule 78(b), for the reasons set forth below and for good cause having been shown, Bank of America's Motion is **GRANTED**.

**I.    BACKGROUND**

    **A.  Factual Background**

For purposes of the Motion, the Court accepts the factual allegations in the Amended Complaint as true and draws all inferences in the light most favorable to Plaintiff. *See Philips v.*

---

[1] The Court granted Plaintiff's motion for leave to file a sur-reply on September 26, 2025. (Dkt. No. 2:25-cv-02739 (Sept. 26, 2025 Text Order).)

*Cnty. of Alleghany*, 515 F.3d 224, 228 (3d Cir. 2008). The Court also considers any "document *integral to or explicitly relied* upon in the complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (citation omitted).

Given Plaintiff is proceeding *pro se*, the Court attempts to glean his factual allegations and legal claims through liberal construction of his pleading. *See Alexander v. Gennarini*, 144 F. App'x 924, 926 (3d Cir. 2005); *Cooke v. Experian Info. Sols., Inc.*, Civ. A. No. 22-05375, 2024 WL 1142214, at *2 (D.N.J. Mar. 15, 2024) ("When considering a motion to dismiss the complaint of a pro se litigant, courts must bear in mind that such pleadings are held to less stringent standards than more formal pleadings drafted by lawyers."); *Huff v. Atl. Cnty. Just. Facility*, Civ. A. No. 20-9761, 2021 WL 307303, at *2 (D.N.J. Jan. 29, 2021) ("Court personnel reviewing pro se pleadings are charged with the responsibility of deciphering why the submission was filed, what the litigant is seeking, and what claims she may be making.").

The Amended Complaint appears to center around a $200,000 payment deposited to a bank account at Bank of America registered to a limited liability company that is not a party to this action. (Am. Compl. (ECF No. 9) ¶¶ 5–16.) Plaintiff is alleging Bank of America returned the $200,000 to the sender after determining the transaction was unauthorized, which caused Plaintiff damages. (*Id.* ¶¶ 8–16.)

There are twelve factual allegations in the Amended Complaint. (*Id.* ¶¶ 5–16.) Plaintiff alleges on November 13, 2013, he co-founded "Russianfood.com LLC," in which he possessed a 20% ownership interest, and "opened a business account at Bank of America." (*Id.* ¶¶ 5, 7.) In 2023, Plaintiff asserts he "discovered that his business partners opened unauthorized accounts and misappropriated funds." (*Id.* ¶ 6.) On May 28, 2024, Plaintiff sold his ownership interest in Russianfood.com LLC to a "business partner" (the "Sender") for $200,000. (*Id.* ¶ 7.) "The

2

$200,000 was transferred by the [Sender] to Plaintiff's business account at Bank of America, registered to SI Power LLC." (*Id.* ¶ 8.) Plaintiff alleges on or around June 11, 2024, Bank of America withdrew the $200,000 from the SI Power LLC account without notice, claiming the deposit was an unauthorized transaction. (*Id.* ¶ 9.) Plaintiff asserts he attempted to demonstrate the legitimacy of the transaction by providing Bank of America with documentation. (*Id.* ¶ 10.) Despite allegedly receiving assurances the $200,000 would be returned after an investigation, Bank of America ultimately "returned the funds to the [S]ender without explanation and subsequently closed Plaintiff's business and personal accounts." (*Id.* ¶¶ 10–11.) As a result, Plaintiff alleges he "suffered extensive financial losses, reputational harm, emotional distress, and was unable to pay medical bills or proceed with necessary treatments." (*Id.* ¶ 14.) Plaintiff also states he "lost his term life insurance policy." (*Id.* ¶ 15.)

### B. Procedural History

Plaintiff filed the Amended Complaint on June 18, 2025, which includes the following counts: "Negligence," "Breach of Fiduciary Duty," "Conversion," "Wrongful Account Closure," "Tortious Interference with Business Expectancy," and "Intentional/Negligent Infliction of Emotional Distress." (ECF No. 9 ¶¶ 17–28.) On August 22, 2025, Bank of America filed a Motion to Dismiss. (ECF No. 19.) Plaintiff filed an Opposition on September 5, 2025. (ECF No. 20-1.) Bank of America filed a Reply on September 16, 2025 (ECF No. 22), and Plaintiff filed a Sur-Reply on September 29, 2025 (ECF No. 25).

## II. LEGAL STANDARD

### A. Rule 12(b)(1)

"When a motion under Rule 12 is based on more than one ground, the court should consider the 12(b)(1) challenge first because if it must dismiss the complaint for lack of subject matter

jurisdiction, all other defenses and objections become moot." *Dickerson v. Bank of Am., N.A.*, Civ. A. No. 12-3922, 2013 WL 1163483, at \*1 (D.N.J. Mar. 19, 2013) (quoting *In re Corestates Tr. Fee Litig.*, 837 F. Supp. 104, 105 (E.D. Pa. 1993)). A motion to dismiss under Rule 12(b)(1) challenging the Court's subject matter jurisdiction asserts the Court lacks "authority or competence to hear and decide the case before it." *Northlight Harbor, LLC v. United States*, 561 F. Supp. 2d 517, 520 (D.N.J. 2008) (citing Charles Alan Wright & Arthur R. Miller, *5B Federal Practice and Procedure* § 1350 (3d ed. 2004)). It requires a plaintiff to bear the burden of pleading jurisdiction is appropriate. *Id.* at 521; *see also Wright v. N.J./Dep't of Educ.*, 115 F. Supp. 3d 490, 495 (D.N.J. 2015) ("It is well-settled that the plaintiff bears the burden of establishing subject matter jurisdiction . . . to defeat a motion under Rule 12(b)(1)."). In considering dismissal for lack of subject matter jurisdiction, a district court's focus is not on whether the factual allegations entitle a plaintiff to relief, but rather on whether the court has jurisdiction to hear the claim and grant relief. *See Maertin v. Armstrong World Indus., Inc.*, 241 F. Supp. 2d 434, 445 (D.N.J. 2002) (citing *New Hope Books, Inc. v. Farmer*, 82 F. Supp. 2d 321, 324 (D.N.J. 2000)).

The court is tasked with determining "whether [it is] dealing with a facial or factual attack to jurisdiction." *United States ex rel. Atkinson v. PA. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir. 2007). A facial attack "is an argument that considers a claim on its face and asserts that it is insufficient to invoke the subject matter jurisdiction of the court because, for example," (1) "it does not present a question of federal law," (2) "there is no indication of a diversity of citizenship among the parties," or (3) "some other jurisdictional defect is present." *Const. Party of Pa. v. Aichel*e, 757 F.3d 347, 358 (3d Cir. 2014). The standard of review for a facial attack is the same as one "under Rule 12(b)(6), i.e., construing the alleged facts in favor of the nonmoving party." *Id.* (citing *In re Schering Plough Corp. Intron*, 678 F.3d 235, 243 (3d Cir. 2012)).

A factual attack, however, "concerns not an alleged pleading deficiency, but rather the actual failure of [a plaintiff's] claims to comport with . . . jurisdictional prerequisites." *United States ex rel. FLFMC, LLC*, 855 F. Supp. 2d at 304 (quoting *United States ex rel. Atkinson*, 473 F.3d at 514). Unlike a facial attack, no presumption of truthfulness attaches to a plaintiff's allegations. *In re Horizon Healthcare Servs. Inc. Data Breach Litig.*, 846 F.3d 625, 632 (3d Cir. 2017) (citing *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016)).

The Third Circuit has "repeatedly cautioned against allowing a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction to be turned into an attack on the merits." *Davis*, 824 F.3d at 348. "[D]ismissal for lack of jurisdiction is not appropriate merely because the legal theory alleged is probably false, but only because the right claimed is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.'" *Id.* at 350 (alteration in original) (quoting *Kulick v. Pocono Downs Racing Ass'n, Inc.*, 816 F.2d 895, 899 (3d Cir. 1987)).

Here, Bank of America asserts a facial Rule 12(b)(1) challenge given it does not raise arguments concerning any of the underlying facts but rather focuses exclusively on deficiencies in the pleadings. *See Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000); *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

**B.  Rule 12(b)(6)**

In deciding a motion to dismiss pursuant to Rule 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to [the non-moving party]." *Phillips*, 515 F.3d at 228. "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, "a plaintiff's obligation to provide the

'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (quoting *Papasan*, 478 U.S. at 286). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). This "plausibility standard" requires the complaint to allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a 'probability requirement.'" *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). "[D]etailed factual allegations" are not required, but "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" must be pled; it must include "factual enhancement" and not just conclusory statements or a "recitation of the elements of a cause of action." *Id.* (quoting *Twombly*, 550 U.S. at 555, 557). In assessing plausibility, the court may not consider any "[f]actual claims and assertions raised by a defendant." *Doe v. Princeton Univ.*, 30 F.4th 335, 345 (3d Cir. 2022).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not

'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). Indeed, after *Iqbal*, conclusory or "bare-bones" allegations will no longer survive a motion to dismiss: "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). To prevent dismissal, all civil complaints must set out "sufficient factual matter" to show the claim is facially plausible, allowing "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556, 570). The Supreme Court's ruling in *Iqbal* emphasizes a plaintiff must show the allegations of his or her complaints are plausible. *See id.* at 670.

While, generally, the court may not consider anything beyond the four corners of the complaint on a motion to dismiss pursuant to Rule 12(b)(6), the Third Circuit has held "a court may consider certain narrowly defined types of material without converting the motion to dismiss [to one for summary judgment pursuant to Rule 56]." *In re Rockefeller Ctr. Props. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999). Specifically, courts may consider any "document *integral to* or *explicitly relied upon* in the complaint." *In re Burlington Coat Factory*, 114 F.3d at 1426 (emphasis added) (quoting *Shaw v. Digit. Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996)). However, "[w]hen the truth of facts in an 'integral' document are contested by the well-pleaded facts of a complaint, the facts in the complaint must prevail." *Princeton Univ.*, 30 F.4th at 342.

## III.    DECISION

Bank of America argues the Amended Complaint should be dismissed because (1) Plaintiff does not have standing to bring this lawsuit (ECF No. 19-1 at 4–8);[2] (2) abstention under *Colorado*

---

[2] Although brought pursuant to Rule 12(b)(6), the Court addresses Defendant's motion to dismiss based on standing pursuant to Rule 12(b)(1). *See Hill v. Zambrio & Assocs., LLC*, Civ. A. No. 19-1009, 2020 WL 113977, at *2 (D.N.J. Jan. 10, 2020) ("[A] motion to dismiss for want of standing is properly brought pursuant to Rule 12(b)(1), because standing is a jurisdictional matter." (quoting *Const. Party of Pa. v. Aichele*, 757 F.3d 347, 357 (3d Cir. 2014))); *Landolfi v. Jones*, Civ. A. No.

*River Water Conservation District v. United States*, 424 U.S. 800 (1976) warrants dismissal due to "a parallel state court matter involving nearly identical facts" (*id.* at 8–12); and (3) each of Plaintiff's claims are "substantively defective" (*id.* at 12–22). Plaintiff responds he has standing because he "sues for his own injuries" (ECF No. 20-1 at 3), abstention is inappropriate because Bank of America is not a party to the state action and this action targets its "independent account conduct" (*id.* at 4), and the Amended Complaint plausibly states multiple claims (*id.* at 3–4).

"Article III of the Constitution limits the jurisdiction of federal courts to 'Cases' and 'Controversies.'" *Lance v. Coffman*, 549 U.S. 437, 439 (2007). "Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). "The standing inquiry . . . focuse[s] on whether the party invoking jurisdiction had the requisite stake in the outcome when the suit was filed." *Const. Party of Pa. v. Aichele*, 757 F.3d 347, 360 (3d Cir. 2014) (citing *Davis v. FEC*, 554 U.S. 724, 734 (2008)).

Article III "standing consists of three elements." *Spokeo*, 578 U.S. at 338 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). To establish standing, "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* As the party invoking federal jurisdiction, Plaintiff "'bears the burden of establishing' the elements of standing, and 'each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation.'" *FOCUS v. Allegheny Cnty. Ct. of Common Pleas*, 75 F. 3d 834, 838 (3d Cir. 1996) (quoting *Lujan*, 504 U.S. at 561); *see also Spokeo*, 578 U.S. at 338 ("The plaintiff, as

---

24-5908, 2024 WL 4651795, at *4 (D.N.J. Nov. 1, 2024) ("The Court construes Defendants' Motion to Dismiss under Rule 12(b)(1), and dismisses Plaintiff's claims without prejudice for lack of standing.").

the party invoking federal jurisdiction, bears the burden of establishing these elements." (citing *FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 231 (1990))). However, "general factual allegations of injury resulting from the defendant's conduct may suffice." *Lujan*, 504 U.S. at 561.

The first element of standing, establishing an "injury in fact," requires a plaintiff to "show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo*, 578 U.S. at 339 (quoting *Lujan*, 504 U.S. at 560). When "determining whether [p]laintiffs have suffered an invasion of a legally protected interest, [the Court] must carefully 'separate [its] standing inquiry from any assessment of the merits of the plaintiff's claim.'" *Mielo v. Steak 'N Shake Operations, Inc.*, 897 F.3d 467, 478–79 (3d Cir. 2018) (quoting *Cottrell v. Alcon Lab'ys*, 874 F.3d 154, 162 (3d Cir. 2017)). A "concrete" injury is "real, or distinct and palpable, as opposed to merely abstract." *Finkelman v. Nat'l Football League*, 810 F.3d 187, 193 (3d Cir. 2016) (quoting *N.J. Physicians, Inc. v. President of the U.S.*, 653 F.3d 234, 238 (3d Cir. 2011)). A "particularized" injury "must 'affect the plaintiff in a personal and individual way.'" *Id.* (quoting *Lujan*, 504 U.S. at 560 n.1). "The injury-in-fact requirement is 'very generous' to claimants, demanding only that the claimant 'allege[] some specific, "identifiable trifle" of injury.'" *Cottrell*, 874 F.3d at 162 (quoting *Bowman v. Wilson*, 672 F.2d 1145, 1151 (3d Cir. 1982)); *see also Mielo*, 897 F.3d at 479 ("[O]ur caselaw requires us to 'examine the allegations in the complaint from a number of different angles to see if [plaintiffs'] purported injury can be framed in a way that satisfies Article III.'" (quoting *Finkelman*, 810 F.3d at 197)).

The second element of standing, traceability, "is akin to 'but for' causation in tort and may be satisfied even where the conduct in question might not have been a proximate cause of the harm." *Mielo*, 897 F.3d at 481 (quoting *Finkelman*, 810 F.3d at 193–94); *see also Toll Bros., Inc.*

*v. Twp. of Readington*, 555 F.3d 131, 142 (3d Cir. 2009) ("This causal connection need not be as close as the proximate causation needed to succeed on the merits of a tort claim." (citing *Pub. Int. Rsch. Grp. of N.J., Inc. v. Powell Duffryn Terminals Inc.*, 913 F.2d 64, 72 (3d Cir.1990))). This requirement "is not satisfied if the alleged injury is merely 'the result of the independent action of some third party not before the court.'" *Mielo*, 897 F.3d at 481 (quoting *Finkelman*, 810 F.3d at 193). Lastly, the third element of standing, redressability, "requires the plaintiff to show that it is likely, as opposed to merely speculative, that the alleged injury will be redressed by a favorable decision." *Id.* (internal quotation marks omitted) (quoting *Finkelman*, 810 F.3d at 194).

Here, the Court finds Plaintiff does not have standing. "[A] plaintiff 'must clearly and specifically set forth facts sufficient to satisfy . . . standing' as 'a federal court is powerless to create its own jurisdiction by embellishing otherwise deficient allegations of standing.'" *Patel v. Crist*, Civ. A. No. 19-8946, 2020 WL 6156751, at *2 (D.N.J. Oct. 20, 2020) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990)). Even pro se plaintiffs who are entitled to a more liberal reading of the pleadings must sufficiently allege standing. *See Scott v. Citizens Bank*, Civ. A. No. 18-cv-00600, 2020 WL 6322826, at *3 (W.D. Pa. Oct. 28, 2020) ("Even applying a liberal *pro se* pleading standard, the Amended Complaint does not make out the required allegations of standing."). At its core, the Amended Complaint seeks redress for an allegedly wrongful removal of a sum of money from a bank account registered to SI Power LLC. (ECF No. 9 ¶¶ 8–9.) There are twelve brief paragraphs setting forth factual allegations in the Amended Complaint, and the Court construes those allegations as describing harm to SI Power LLC—the entity whose bank account allegedly lost the subject $200,000. As such, the alleged injuries complained of were suffered by SI Power LLC, not Plaintiff. (*See* ECF No. 9 ¶¶ 5–9.)

10

The Court agrees with Bank of America, "Plaintiff has no standing to assert claims that belong to SI Power LLC." (ECF No. 19-1 at 5.) Indeed, Plaintiff "lacks standing to seek damages on [his] own behalf because, with exceptions not relevant here, [Plaintiff] 'cannot rest a claim to relief on the legal rights or interests of third parties.'" *Itiowe v. Robert Wood Johnson Univ. Hosp. Hamilton*, 556 F. App'x 124, 125 (3d Cir. 2014) (quoting *Powers v. Ohio*, 499 U.S. 400, 410 (1991)); *see also, e.g.*, *Sanchez-Garcia v. United States*, 802 F. App'x 37, 40 (3d Cir. 2020) ("[E]xcept in limited circumstances, a litigant cannot rely on the injuries of others to obtain Article III standing." (citing *Hollingsworth v. Perry*, 570 U.S. 693, 708 (2013))); *Associated Builders & Contractors W. Pa. v. Cmty. Coll. of Allegheny Cnty.*, 81 F.4th 279, 288 (3d Cir. 2023) ("An injury is particular when it is personal to the plaintiff. Injury to some third party . . . will not do." (citation omitted)); *Landolfi v. Jones*, Civ. A. No. 24-5908, 2024 WL 4651795, at *4 (D.N.J. Nov. 1, 2024) (concluding pro se plaintiff lacked standing because he asserted injuries suffered by his father); *N.A.M.I. (Nat'l All. of Mentally Ill of Essex) v. Essex Cnty. Bd. of Freeholders*, 91 F. Supp. 2d 781, 785 (D.N.J. 2000) ("[P]laintiffs plead no 'injury in fact' to themselves at all. Rather, they impermissibly attempt to raise the rights of [others]." (citing *Allen v. Wright*, 468 U.S. 737, 751 (1984); *Warth v. Seldin*, 422 U.S. 490, 499 (1975))); *K.W. v. Ringwood Bd. of Educ.*, Civ. A. No. 24-8293, 2024 WL 4799812, at *1 n.1 (D.N.J. Nov. 14, 2024) ("Plaintiff as a *pro se* litigant only has standing to bring claims individually and not on behalf of others." (citing *Neal v. Volvo Cars of N. Am., LLC*, 794 F.3d 353, 358–59 (3d Cir. 2015); *Hopson v. McVicar*, Civ. A. No. 17-6037, 2017 WL 4697337, at *3 (D.N.J. Oct. 19, 2017))); *Caviezel v. Great Neck Pub. Schs.*, 739 F. Supp. 2d 273, 278 (E.D.N.Y. 2010) ("[T]he plaintiffs have no standing to assert claims based on an injury to others not experienced by the plaintiffs." (citing *Lujan*, 504 U.S. at 560)).

Accordingly, because Plaintiff does not have standing,[3] Bank of America's Motion to Dismiss is **GRANTED**, and Plaintiff's Amended Complaint is **DISMISSED WITHOUT PREJUDICE**. Plaintiff may file a second amended complaint within thirty days of the accompanying Order addressing the deficiencies noted in this Opinion.[4]

## IV.    CONCLUSION

For the reasons set forth above, Bank of America's Motion to Dismiss (ECF No. 19) is **GRANTED**, and Plaintiff's Amended Complaint is **DISMISSED WITHOUT PREJUDICE** with leave to amend consistent with the guidance in this Opinion. An appropriate order follows.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
UNITED STATES DISTRICT JUDGE

Dated: February 4, 2026

---

[3] "Because Plaintiff[] lack[s] standing for failure to allege an actual or imminent injury, [the Court] do[es] not address the merits of [his] claims." *Associated Builders & Contractors W. Pa. v. Cmty. Coll. of Allegheny Cnty.*, 81 F.4th 279, 291 n.8 (3d Cir. 2023).

[4] Defendants argue "[t]o the extent Plaintiff argues he should be given leave to file a second amended Complaint to add SI Power LLC as a plaintiff to this lawsuit, such a request should respectfully be denied as futile." (ECF No. 19-1 at 6.) Specifically, Defendant points out "[t]he Court of Chancery of the State of Delaware entered a Final Order and Judgment determining, *inter alia*, that Plaintiff has no authority to act on behalf of SI Power LLC." (*Id.*) Accordingly, if Plaintiff chooses to file a second amended complaint to add SI Power LLC as a plaintiff, Plaintiff is directed to show cause why he has authority to act on behalf of SI Power LLC. Additionally, Plaintiff is reminded "[i]t is well established that a corporate entity such as a limited liability company may not proceed pro se and must be represented by legal counsel." *In re 69 N. Franklin Tpk., LLC*, 693 F. App'x 141, 144 (3d Cir. 2017).