**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MICHAEL MAYMAN,<br>Plaintiff,<br>v.<br>BANK OF AMERICA, N.A.,<br>Defendant. | Case No. 2:25-cv-02739 (BRM) (JRA)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is Defendant Bank of America, N.A.'s ("Bank of America") Motion to Dismiss (ECF No. 32) *pro se* Plaintiff Michael Mayman's ("Plaintiff") Second Amended Complaint ("SAC") (ECF No. 30) pursuant to Federal Rules of Civil Procedure ("Rule") 12(b)(1) and 12(b)(6) ("Motion"). Plaintiff filed an Opposition (ECF No. 34), and Bank of America filed a Reply (ECF No. 35). Having reviewed and considered the parties' submissions filed in connection with the Motion and having declined to hold oral argument pursuant to Rule 78(b), for the reasons set forth below and for good cause having been shown, Bank of America's Motion is **GRANTED**.

## I. BACKGROUND

### A. Factual Background

For purposes of the Motion, the Court accepts the factual allegations in the SAC as true and draws all inferences in the light most favorable to Plaintiff. *See Phillips v. Cnty. of Alleghany*, 515 F.3d 224, 228 (3d Cir. 2008). The Court also considers any "document *integral to or explicitly relied* upon in the complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (quoting *Shaw v. Digit. Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996)).

Given Plaintiff is proceeding *pro se*, the Court attempts to glean his factual allegations and legal claims through liberal construction of his pleading. *See Alexander v. Gennarini*, 144 F. App'x 924, 926 (3d Cir. 2005); *Cooke v. Experian Info. Sols., Inc.*, Civ. A. No. 22-05375, 2024 WL 1142214, at *2 (D.N.J. Mar. 15, 2024) ("When considering a motion to dismiss the complaint of a pro se litigant, courts must bear in mind that such pleadings are held to less stringent standards than more formal pleadings drafted by lawyers."); *Huff v. Atl. Cnty. Just. Facility*, Civ. A. No. 20-9761, 2021 WL 307303, at *2 (D.N.J. Jan. 29, 2021) ("Court personnel reviewing pro se pleadings are charged with the responsibility of deciphering why the submission was filed, what the litigant is seeking, and what claims she may be making.").

Plaintiff brings this action due to Bank of America's "handling and closure of Plaintiff's personal Bank of America deposit account" ("Personal Account"). (ECF No. 30 ¶ 1.) Bank of America's internal records for the Personal Account reflect it was in Plaintiff's name, and Plaintiff was the owner of the account. (*Id.* ¶ 5.) Plaintiff used the Personal Account "to pay ordinary and essential personal living expenses and recurring obligations." (*Id.* ¶ 15.) "The Personal Account was governed by [Bank of America's] deposit account agreement." (*Id.* ¶ 17.)

On or about August 27, 2024, Bank of America "issued written notice stating that it had decided to close Plaintiff's Personal Account." (*Id.* ¶ 27.) Plaintiff did not request this closure. (*Id.* ¶ 28.) The closure "impaired Plaintiff's access to essential banking services, including the ability to make timely payments and process items." (*Id.* ¶ 29.) After the closure, "items presented against the Personal Account were returned, reversed, dishonored, and/or failed to process" (*id.* ¶ 32), and the "returned items and failed payments directly interfered with Plaintiff's ability to meet essential personal obligations" (*id.* ¶ 34). Before the closure of the Personal Account, Plaintiff "alerted [Bank of America] to the seriousness of the situation and had provided documentation." (*Id.* ¶ 35.)

Plaintiff states he "promptly disputed the adverse actions and sought correction through [Bank of America's] branches, customer-service channels, and escalation channels." (*Id.* ¶ 37.) Plaintiff "requested restoration of banking functionality and relief from the resulting payment disruption." (*Id.* ¶ 38.) Despite these efforts, Bank of America "did not timely restore Plaintiff's banking functionality." (*Id.* ¶ 39.)

Plaintiff asserts he "personally fell into serious arrears and delinquencies on essential personal obligations" because of Bank of America's conduct. (*Id.* ¶ 40.) He "also experienced adverse credit consequences during the same general period, including a measurable decline in credit score" (*id.* ¶ 41), and he "suffered stress, anxiety, loss of sleep, and substantial hardship arising from the loss of access to banking services and inability to timely pay essential personal obligations" (*id.* ¶ 42). Plaintiff lists his damages in a "Damages Schedule" attached as Exhibit J to the SAC, which provides specific amounts and references amounts in other exhibits.[1] (ECF No. 30 at 35.)[2]

---

[1] Because the exhibits attached to the SAC are all part of ECF No. 30 and not filed as separate ECF entries such as "ECF No. 30-1," this Opinion will cite to the ECF page numbers for the exhibits. However, when citing to the allegations of the SAC found on ECF page numbers one through nine, the Court will cite to the paragraph numbers.

[2] Such damages include $16,214.08 for "property-tax arrears," $12,651.30 in "Winston Towers association / maintenance arrears," $445.00 for a "[v]ehicle-payment delinquency," $376.44 in "[i]nsurance-related losses and disruption," $25.00 in "[p]ast-due medical bills," $902.00 in "[r]eturned items, returned payments, and fees" from the Personal Account, and "[a]dditional direct and consequential personal damages, including late charges, penalties, credit-related harm, and other losses resulting from the disruption of Plaintiff's personal banking access." (*See* ECF No. 30 at 16–17, 27–28, 30, 32, 35.) These monetary damages form a total of $30,613.82, giving the Court cause for concern about whether Plaintiff has met his burden in demonstrating the threshold amount in controversy requirement for diversity jurisdiction. *See* 28 U.S.C. § 1332(a). However, given Plaintiff's claims of damages for personal suffering (*id.* ¶ 42) and "[a]dditional direct and consequential personal damages, including . . . credit-related harm[] and other losses" (*id.* at 35), as well as Plaintiff's allegation that the damages to be proven at trial are "believed to exceed $75,000" (*id.* ¶ 66), the Court cannot conclude to a legal certainty that the amount in controversy is not satisfied. *See Dardovitch v. Haltzman*, 190 F.3d 125, 135 (3d Cir. 1999) ("The

### B. Procedural History

On February 4, 2026, the Court granted Bank of America's motion to dismiss Plaintiff's First Amended Complaint ("FAC"). (ECF Nos. 28, 29.) The Court found Plaintiff did not have standing because "the alleged injuries complained of were suffered by SI Power LLC, not Plaintiff."[3] (ECF No. 28 at 10.) On March 2, 2026, Plaintiff filed the SAC, bringing claims for breach of contract, breach of the implied covenant of good faith and fair dealing, wrongful dishonor, and negligence. (*See* ECF No. 30.) Bank of America filed the Motion on March 30, 2026. (ECF No. 32; *see also* March 13, 2026 Clerk's Text Order (extending time to answer to March 30, 2026).) Plaintiff filed an Opposition on April 20, 2026. (ECF No. 34.) On April 27, 2026, Bank of America filed a Reply. (ECF No. 35.)

## II. Legal Standard

### A. Rule 12(b)(1)

"When a motion under Rule 12 is based on more than one ground, the court should consider the 12(b)(1) challenge first because if it must dismiss the complaint for lack of subject matter

---

sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89 (1938))); *see also Auto-Owners Ins. Co. v. Stevens & Rici Inc.*, 835 F.3d 388, 395 (3d Cir. 2016) (noting the burden of sufficiently demonstrating the amount in controversy "is not especially onerous").

[3] The SAC contains certain allegations regarding SI Power LLC "solely to show chronology, notice, foreseeability, and causation as to the personal injuries alleged in this Complaint." (ECF No. 30 ¶ 26.) Specifically, Plaintiff alleges he "maintained a separate business banking relationship with [Bank of America] through an account registered to SI Power LLC." (*Id.* ¶ 18.) In or around 2024, Bank of America "took adverse action concerning an incoming transfer to that separate business account." (*Id.* ¶ 20.) He provided documentation to Bank of America and sought "review and correction." (*Id.* ¶ 21.) Plaintiff then relied on assurances from Bank of America that the situation would be corrected as Plaintiff "manage[d] his banking affairs and essential obligations." (*Id.* ¶¶ 22–23.) On or about August 25, 2024, Plaintiff provided documents to Bank of America's "Executive Office" regarding this situation, and the next day Bank of America issued written notice to Plaintiff explaining it closed the Personal Account. (*Id.* ¶¶ 24–25.)

jurisdiction, all other defenses and objections become moot." *Dickerson v. Bank of Am., N.A.*, Civ. A. No. 12-3922, 2013 WL 1163483, at *1 (D.N.J. Mar. 19, 2013) (quoting *In re Corestates Tr. Fee Litig.*, 837 F. Supp. 104, 105 (E.D. Pa. 1993)). A motion to dismiss under Rule 12(b)(1) challenging the Court's subject matter jurisdiction asserts the Court lacks "authority or competence to hear and decide the case before it." *Northlight Harbor, LLC v. United States*, 561 F. Supp. 2d 517, 520 (D.N.J. 2008) (citing Charles Alan Wright & Arthur R. Miller, *5B Federal Practice and Procedure* § 1350 (3d ed. 2004)). "The party asserting jurisdiction bears the burden of demonstrating in the record that jurisdiction is proper." *Id.* at 521; *see also Wright v. N.J./Dep't of Educ.*, 115 F. Supp. 3d 490, 495 (D.N.J. 2015) ("It is well-settled that the plaintiff bears the burden of establishing subject matter jurisdiction . . . to defeat a motion under Rule 12(b)(1)."). In considering dismissal for lack of subject matter jurisdiction, a district court's focus is not on whether the factual allegations entitle a plaintiff to relief, but rather whether the court has jurisdiction to hear the claim and grant relief. *See Maertin v. Armstrong World Indus., Inc.*, 241 F. Supp. 2d 434, 445 (D.N.J. 2002) (citing *New Hope Books, Inc. v. Farmer*, 82 F. Supp. 2d 321, 324 (D.N.J. 2000)).

The court is tasked with determining "whether [it is] dealing with a facial or factual attack to jurisdiction." *United States ex rel. Atkinson v. PA. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir. 2007). A facial attack "is an argument that considers a claim on its face and asserts that it is insufficient to invoke the subject matter jurisdiction of the court because, for example," (1) "it does not present a question of federal law," (2) "there is no indication of a diversity of citizenship among the parties," or (3) "some other jurisdictional defect is present." *Const. Party of Pa. v. Aichel*e, 757 F.3d 347, 358 (3d Cir. 2014). The standard of review for a facial attack is the same as one "under Rule 12(b)(6), *i.e.*, construing the alleged facts in favor of the nonmoving party." *Id.* (citing *In re Schering Plough Corp. Intron*, 678 F.3d 235, 243 (3d Cir. 2012)).

A factual attack, however, "concerns not an alleged pleading deficiency, but rather the actual failure of [a plaintiff's] claims to comport with . . . jurisdictional prerequisites." *United States ex rel. FLFMC, LLC*, 855 F. Supp. 2d at 304 (quoting *United States ex rel. Atkinson*, 473 F.3d at 514). Unlike a facial attack, no presumption of truthfulness attaches to a plaintiff's allegations. *In re Horizon Healthcare Servs. Inc. Data Breach Litig.*, 846 F.3d 625, 632 (3d Cir. 2017) (citing *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016)).

The Third Circuit has "repeatedly cautioned against allowing a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction to be turned into an attack on the merits." *Davis*, 824 F.3d at 348. "[D]ismissal for lack of jurisdiction is not appropriate merely because the legal theory alleged is probably false, but only because the right claimed is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.'" *Id.* at 350 (alteration in original) (quoting *Kulick v. Pocono Downs Racing Ass'n, Inc.*, 816 F.2d 895, 899 (3d Cir. 1987)).

Here, Bank of America asserts a facial Rule 12(b)(1) challenge given it does not raise arguments concerning any of the underlying facts but rather focuses exclusively on deficiencies in the pleadings. *See Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000); *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

**B. Rule 12(b)(6)**

In deciding a motion to dismiss pursuant to Rule 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to [the non-moving party]." *Phillips*, 515 F.3d at 228. "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, "a plaintiff's obligation to provide the

'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957); and then quoting Fed. R. Civ. P. 8(a)(2)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). This "plausibility standard" requires the complaint to allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a 'probability requirement.'" *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). "[D]etailed factual allegations" are not required, but "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" must be pled; it must include "factual enhancement" and not just conclusory statements or a "recitation of the elements of a cause of action." *Id.* (quoting *Twombly*, 550 U.S. at 555, 557). In assessing plausibility, the court may not consider any "[f]actual claims and assertions raised by a defendant." *Doe v. Princeton Univ.*, 30 F.4th 335, 345 (3d Cir. 2022).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer

more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). Indeed, after *Iqbal*, conclusory or "bare-bones" allegations will no longer survive a motion to dismiss: "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). To prevent dismissal, all civil complaints must set out "sufficient factual matter" to show the claim is facially plausible, allowing "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556, 570). The Supreme Court's ruling in *Iqbal* emphasizes a plaintiff must show the allegations of his or her complaints are plausible. *See id.* at 670.

While, generally, the court may not consider anything beyond the four corners of the complaint on a motion to dismiss pursuant to Rule 12(b)(6), the Third Circuit has held "a court may consider certain narrowly defined types of material without converting the motion to dismiss [to one for summary judgment pursuant to Rule 56]." *In re Rockefeller Ctr. Props. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999). Again, courts may consider any "document *integral to or explicitly relied* upon in the complaint." *In re Burlington Coat Factory*, 114 F.3d at 1426 (quoting *Shaw*, 82 F.3d at 1220). However, "[w]hen the truth of facts in an 'integral' document are contested by the well-pleaded facts of a complaint, the facts in the complaint must prevail." *Princeton Univ.*, 30 F.4th at 342.

## III. Decision

Bank of America argues Plaintiff lacks standing because the SAC continues to focus on injuries to SI Power LLC. (ECF No. 32-1 at 8–9.) Bank of America further contends that all of Plaintiff's claims are substantively meritless. (*Id.* at 9–18.) Plaintiff responds that he has standing

to bring this action (ECF No. 34 at 2–4), and that his claims for breach of contract and breach of the implied covenant of fair dealing are plausibly pleaded (*id.* at 4–5).[4]

**A. Standing**

"Article III of the Constitution limits the jurisdiction of federal courts to 'Cases' and 'Controversies.'" *Lance v. Coffman*, 549 U.S. 437, 439 (2007). "Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). "The standing inquiry . . . focuse[s] on whether the party invoking jurisdiction had the requisite stake in the outcome when the suit was filed." *Const. Party of Pa. v. Aichele*, 757 F.3d 347, 360 (3d Cir. 2014) (citing *Davis v. FEC*, 554 U.S. 724, 734 (2008)).

Article III "standing consists of three elements." *Spokeo*, 578 U.S. at 338 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). To establish standing, "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* As the party invoking federal jurisdiction, Plaintiff "'bears the burden of establishing' the elements of standing, and 'each element must be supported in the same way as any other matter on which the plaintiff

---

[4] As for his wrongful dishonor (Count III) and negligence (Count IV) claims, Plaintiff merely states the following in his Opposition: "Defendant seeks dismissal of Plaintiff's UCC wrongful dishonor and negligence counts based on disputed factual characterizations and legal defenses. If the Court concludes any of these counts are insufficiently pleaded, Plaintiff respectfully requests that any dismissal be without prejudice and with leave to amend." (ECF No. 34 at 5.) The Court does not construe this as a substantive argument in response to Bank of America's arguments for dismissal of Counts III and IV. As such, Plaintiff's undeveloped arguments are considered waived. *See Conroy v. Leone*, 316 F. App'x 140, 144 n.5 (3d Cir. Mar. 9, 2009) ("We find this undeveloped argument has been waived."); *Lawlor v. ESPN Scouts, LLC*, Civ. A. No. 10-5886, 2011 WL 675215, at *2 (D.N.J. Feb. 16, 2011) ("Where an issue of fact or law is raised in an opening brief, but it is uncontested in the opposition brief, the issue is considered waived or abandoned by the non-movant."); *Duran v. Equifirst Corp.*, Civ. A. No. 09-3856, 2010 WL 936199, at *3 (D.N.J. Mar. 12, 2010) ("The absence of argument constitutes waiver in regard to the issue left unaddressed."). Accordingly, Bank of America's Motion to Dismiss Counts III and IV of the SAC is **GRANTED**, and Counts III and IV are **DISMISSED** without prejudice.

bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation.'" *FOCUS v. Allegheny Cnty. Ct. of Common Pleas*, 75 F. 3d 834, 838 (3d Cir. 1996) (quoting *Lujan*, 504 U.S. at 561); *see also Spokeo*, 578 U.S. at 338 ("The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements." (citing *FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 231 (1990))). However, "general factual allegations of injury resulting from the defendant's conduct may suffice." *Lujan*, 504 U.S. at 561.

The first element of standing, establishing an "injury in fact," requires a plaintiff to "show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo*, 578 U.S. at 339 (quoting *Lujan*, 504 U.S. at 560). When "determining whether [p]laintiffs have suffered an invasion of a legally protected interest, [a court] must carefully 'separate [its] standing inquiry from any assessment of the merits of the plaintiff's claim.'" *Mielo v. Steak 'N Shake Operations, Inc.*, 897 F.3d 467, 478–79 (3d Cir. 2018) (quoting *Cottrell v. Alcon Lab'ys*, 874 F.3d 154, 162 (3d Cir. 2017)). A "concrete" injury is "real, or distinct and palpable, as opposed to merely abstract." *Finkelman v. Nat'l Football League*, 810 F.3d 187, 193 (3d Cir. 2016) (quoting *N.J. Physicians, Inc. v. President of the U.S.*, 653 F.3d 234, 238 (3d Cir. 2011)). A "particularized" injury "must 'affect the plaintiff in a personal and individual way.'" *Id.* (quoting *Lujan*, 504 U.S. at 560 n.1). "The injury-in-fact requirement is 'very generous' to claimants, demanding only that the claimant 'allege[] some specific, "identifiable trifle" of injury.'" *Cottrell*, 874 F.3d at 162 (quoting *Bowman v. Wilson*, 672 F.2d 1145, 1151 (3d Cir. 1982)); *see also Mielo*, 897 F.3d at 479 ("[O]ur caselaw requires us to 'examine the allegations in the complaint from a number of different angles to see if [plaintiffs'] purported injury can be framed in a way that satisfies Article III.'" (quoting *Finkelman*, 810 F.3d at 197)).

The second element of standing, traceability, "is akin to 'but for' causation in tort and may be satisfied even where the conduct in question might not have been a proximate cause of the harm." *Mielo*, 897 F.3d at 481 (quoting *Finkelman*, 810 F.3d at 193–94); *see also Toll Bros., Inc. v. Twp. of Readington*, 555 F.3d 131, 142 (3d Cir. 2009) ("This causal connection need not be as close as the proximate causation needed to succeed on the merits of a tort claim." (citing *Pub. Int. Rsch. Grp. of N.J., Inc. v. Powell Duffryn Terminals Inc.*, 913 F.2d 64, 72 (3d Cir. 1990))). This requirement "is not satisfied if the alleged injury is merely 'the result of the independent action of some third party not before the court.'" *Mielo*, 897 F.3d at 481 (quoting *Finkelman*, 810 F.3d at 193).

Lastly, the third element of standing, redressability, "requires the plaintiff to show that it is likely, as opposed to merely speculative, that the alleged injury will be redressed by a favorable decision." *Id.* (internal quotation marks omitted) (quoting *Finkelman*, 810 F.3d at 194).

Here, Plaintiff has standing to bring his claims regarding the Personal Account. The SAC revolves around the "handling and closure" of the Personal Account. (*See, e.g.*, ECF No. 30 ¶ 1.) Bank of America "does not challenge Plaintiff's ability to assert claims for his personal injuries," but rather contends "Plaintiff's claims all derive from conduct alleged to have impacted SI Power [LLC], not Plaintiff." (ECF No. 35 at 1–2.) Although the Court held Plaintiff did not have standing to bring the claims in the FAC because the alleged injuries were in fact suffered by SI Power LLC (ECF No. 28 at 10), the SAC repeatedly clarifies Plaintiff is seeking to remedy his own personal injuries, not any injuries to SI Power LLC (ECF No. 30 ¶¶ 2 ("Plaintiff brings this action only for injuries suffered by Plaintiff personally."), 4 ("Plaintiff does not seek in this action recovery of any funds held in any LLC account, any recovery of the proceeds of any disputed business-account transaction, or any damages belonging to SI Power LLC or any other entity. Plaintiff does not ask

this Court to adjudicate the rights of SI Power LLC."), 26, 44–45, 46 ("The claims asserted [in the SAC] concern [Bank of America's] treatment of Plaintiff's Personal Account.")). Considering Plaintiff's *pro se* status and reading the SAC liberally, the SAC seeks monetary relief for personal financial injuries suffered by Plaintiff due to the closing of the Personal Account. Therefore, the Court is satisfied Plaintiff has standing to bring his claims.[5]

**B. Breach of Contract**

"To state a claim for breach of contract [under New Jersey law], [Plaintiff] must allege (1) a contract between the parties; (2) a breach of that contract; (3) damages flowing therefrom; and (4) that the party stating the claim performed its own contractual obligations." *Frederico v. Home Depot*, 507 F.3d 188, 203 (3d Cir. 2007). Bank of America argues Plaintiff's breach of contract claim must fail because Plaintiff does not identify a specific contractual provision that Bank of America breached. (ECF No. 32-1 at 10.) The Court agrees. "To satisfy Rule 8(a), a plaintiff must identify the portions of the contract that were allegedly breached." *Myers v. Integra LifeSciences Corp.*, Civ. A. No. 24-8966, 2025 WL 2164061, at *7 (D.N.J. July 30, 2025); *Entrailer Corp. v. Unbeatablesale.com, Inc.*, Civ. A. No. 21-10172, 2024 WL 1016200, at *4 (D.N.J. Mar. 8, 2024) ("[A] complaint's reference to an agreement and allegation of its breach is insufficient to survive

[5] Bank of America argues "[t]o the extent Plaintiff's [SAC] . . . includes allegations sufficiently independent from SI Power to vest Plaintiff with standing, Plaintiff should be precluded from pursuing new claims stemming from a personal bank account." (ECF No. 32-1 at 9 n.2.) According to Bank of America, Plaintiff's claims for wrongful dishonor and breach of the covenant of good faith and fair dealing, which were not in the FAC (ECF No. 9), should be rejected as outside the scope of permissible amendment because "[t]his Court's February 4, 2026 Order and Opinion permitted amendment 'addressing the deficiencies noted' in the Court's dismissal order" (ECF No. 32-1 at 9 n.2 (quoting ECF No. 28 at 12)). The Court rejects Bank of America's argument. Whereas the FAC alleged injuries belonging to a non-party LLC, the SAC alleges different injuries belonging to Plaintiff personally. The Court declines to prohibit Plaintiff from asserting claims stemming from injuries that are newly presented in the SAC, when the Court previously granted Plaintiff leave to file an amended complaint to cure deficiencies related to injury, especially given Plaintiff's *pro se* status.

dismissal because those claims are 'legal conclusion[s]' properly disregarded on a Rule 12(b)(6) motion." (quoting *Riachi v. Prometheus Grp.*, Civ. A. No. 16-cv-2749, 2016 WL 6246766, at *3 (D.N.J. Oct. 25, 2016))); *Grande Vill. LLC v. CIBC Inc.*, Civ. A. No. 14–3495, 2015 WL 1004236, at *5 (D.N.J. Mar. 6, 2015) ("Plaintiffs have not identified what contract, or contractual provision, defendants allegedly breached."); *Wingate Inns Int'l, Inc. v. Cypress Centre Hotels, LLC*, Civ. A. No. 11–6287, 2012 WL 6625753, at *9 (D.N.J. Dec. 19, 2012) ("To plead breach of contract in New Jersey, a party must . . . 'identify the portions of the contract that were allegedly breached' to satisfy . . . [Rule] 8(a)(2)." (citations omitted) (quoting *Faistl v. Energy Plus Holdings, LLC*, Civ. A. No. 12–2879, 2012 WL 3835815, at *7–8 (D.N.J. Sept. 4, 2012))).

Here, Plaintiff does not point to a specific contractual provision Bank of America allegedly violated. (*See* ECF No. 30.) Instead, Plaintiff alleges "[a] contractual relationship existed between Plaintiff and [Bank of America] with respect to Plaintiff's Personal Account" (*id.* ¶ 48), and Bank of America "breached its contractual obligations by closing and/or administering Plaintiff's Personal Account in a manner that caused" Plaintiff damages (*id.* ¶ 50). Plaintiff has therefore failed to state a claim for breach of contract. Accordingly, Bank of America's Motion to Dismiss is **GRANTED** as to Plaintiff's breach of contract claim, and Count I is **DISMISSED WITHOUT PREJUDICE**.

**C. Breach of the Implied Covenant of Good Faith and Fair Dealing**

"Under New Jersey law, every contract contains an implied covenant of good faith and fair dealing." *Luongo v. Vill. Supermarket, Inc.*, 261 F. Supp. 3d 520, 531 (D.N.J. 2017). To recover for breach of the implied covenant,

> a plaintiff must prove that: (1) a contract exists between the parties; (2) the plaintiff performed under the terms of the contract; (3) the defendant acted in bad faith with the purpose of depriving the

> plaintiff of rights or benefits under the contract; and (4) the defendant's actions caused the plaintiff to sustain damages.

*Id.* at 531–32. "Proof of 'bad motive or intention' is vital to an action for breach of the covenant." *Brunswick Hills Racquet Club, Inc. v. Route 18 Shopping Ctr. Assocs.*, 864 A.2d 387, 396 (N.J. 2005) (quoting *Wilson v. Amerada Hess Corp.*, 773 A.2d 1121, 1130 (N.J. 2001)).

Here, the SAC lacks any allegations regarding bad faith. (*See* ECF No. 30.) Plaintiff alleges Bank of America "breached the implied covenant of good faith and fair dealing by closing and/or administering the Personal Account in a manner that caused severe disruption, returned items, failed payments, and foreseeable personal financial harm to Plaintiff." (ECF No. 30 ¶ 55.) This allegation does not demonstrate ill intention. Absent allegations suggesting any bad motive or intention on the part of Bank of America, Plaintiff's claim for breach of the implied covenant of good faith and fair dealing must fail. Accordingly, Bank of America's Motion to Dismiss Count II is **GRANTED**, and Count II is **DISMISSED WITHOUT PREJUDICE**.

## IV. Conclusion

For the reasons set forth above, Bank of America's Motion to Dismiss (ECF No. 32) is **GRANTED**, and Plaintiff's SAC is **DISMISSED WITHOUT PREJUDICE** with leave to amend consistent with and limited to the guidance in this Opinion. An appropriate order follows.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

Dated: September 3, 2026